ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

STATE OF ILLINOIS.

*Opinion filed January 19, 1921.*

CONTRACT—*when State is liable for freight charges.* Where claimant under an Order of the Public Utilities Commission for hauling crushed stone from one point to another in the State, for the State, and is authorized by such order to charge a certain rate per ton therefor, complies with the order of the Commission, it is entitled to recover from the State the contract price, or the amount per ton fixed by the Commission for hauling the stone.

STATE AID ROAD—*separation of grade. When State liable for its proportionate part of expense.* Where the Public Utilities Commission enters an order for separation of grades, and all parties interested are made parties to the proceedings, and the Commission under Par. 2, of Section 58 of Public Utilities Act, apportions the cost of the improvement between the claimant and the State, and other parties interested, and claimant completes the construction of the work necessary to the separation of the grades, and pays the amount apportioned, by the Commission, to the State, the claimant is entitled to recover from the State the amount paid by it on behalf of the State for the improvement.

Edward J. Brundage, Attorney General, for State.

This claim is for the amount of two demands, one of ninety-one dollars and five cents ($91.05) with interest thereon from April 15, 1920, and one for four thousand four hundred sixty-one dollars and fifty cents ($4,461.50) with interest thereon from June 5th, 1919. The first is for freight alleged to have been earned for transporting crushed stone for the State. The second is for the amount fixed by the Public Utilities Commission as the amount which the State ought to pay for its portion of the costs of a separation of grades at a point where State Aid Road No. 15 crosses the track of the Illinois Central Railroad Company about one mile west of Broadview in Proviso Township, Cook County, Illinois. There is no dispute as to the facts relating to either of these demands. It appears that in October, 1915, the claimant hauled some nine cars of crushed stone from Pickneyville, Illinois, to Carbondale, Illinois, for which through a subsequent order of the Public Utilities Commission claimant was authorized to charge a rate of 53 cents per ton. The State does not dispute its liability on this claim and in the opinion of the Court from the law and facts in this case the claimant is entitled to an award of that amount with interest at the rate of 5 per cent from April 15th, 1920.

As to the second demand it appears that after an order of the Utilities Commission for the separation of grades where State Aid

Road No. 15 commonly known as 12th street in Cook County, Illinois, crosses the right-of-way and tracks of the claimant, had been entered on March 22, 1917, the claimant in pursuance of that order undertook and completed the construction necessary for the separation of the grades at that point. The Commission in its order pursuant to paragraph 2, section 58 of the Public Utilities Act 1913, apportioned the costs of this improvement between the Railroad Company and the Township of Proviso, County of Cook and the State Highway department, while admitting its inability to enter an order against the State in view of the prohibition on section 26, article 4 of the Constitution of the State, yet the Commission sets forth its opinion that he State was a proper party in interest in this matter and should bear its reasonable portion of expense of improvement. It was there pointed out that this highway is one of the greatest highways running across the State west from Chicago beyond Cook County connecting with other main highways running to various cities remote from Chicago. The benefit of the improvement, it was pointed out would extend not only to the township of the County but to the people of the State as a whole and the Commission stated the amount of four thousand four hundred sixty-one dollars and fifty cents ($4,461.50) to be the just proportion which the State should pay. It is the opinion of this Court from the consideration of the law and evidence in this case that this demand is just and reasonable. It appears to us that it was the intention of the Legislature as expressed in the Public Utilities Act above cited that the State should pay its proportion of the expenses of a construction of this kind where the State was a party in interest and we believe that it was their intention that the Public Utilities Commission should determine whether and to what extent the State is a party in interest in such cases. It is our judgment therefore that the claimant is entitled to payment of this demand. We accordingly award the claimant the sum of $4,461.50 with interest at the rate of 5 per cent thereon per annum from June 5, 1919, to the date of this award, and the further sum of $91.05 with interest at the rate of 5 per cent per annum thereon from April 15th, 1920, to the date of this award.